IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK CIVITILLO,

        Plaintiff,                     No. CIV S-11-1111 DAD P

     vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.            ORDER

                               /

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Plaintiff's Complaint**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
17  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
18  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19  Plaintiff is currently incarcerated at Deuel Vocational Institution.  In his complaint
20  plaintiff alleges that he was held "from 6-9-10 to 9-27-10 thats [sic] 90+ day past max term[.]"
21  (Compl. (Doc. No. 1) at 3.)  Plaintiff has named the California Department of Corrections and
22  "San Quentin" as defendants in this action and seeks monetary damages and, confusingly,
23  discharge from parole.
24  The allegations in plaintiff's complaint are so vague and conclusory that the court
25  is unable to determine whether the current action is frivolous or fails to state a claim for relief.
26  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff is advised that the California Department of Corrections and San Quentin State Prison are not proper defendants in a civil rights action. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison are not persons within meaning of Civil Rights Act); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections are not persons within meaning of Civil Rights Act). In addition, a suit against a state agency is barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 782 (1978).

**II. Amended Complaint**

If plaintiff chooses to file an amended complaint in this action, he must allege facts demonstrating how the conditions or acts complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Based upon the confusing and arguably contradictory allegations of the complaint, the court is unable to comprehend plaintiff's claim that his incarceration went beyond his maximum term. Plaintiff should provide further factual allegations and dates, including whether plaintiff was released on parole at some point, whether that parole was

revoked, whether the term imposed for any parole violation has been completed, and the circumstances surrounding his current incarceration.

Plaintiff is also informed that a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his or her confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Accordingly, if plaintiff seeks to challenge the fact or duration of his confinement, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of her constitutional claims in state court. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original)

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Application for Requesting Leave to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application is incomplete. The certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy in support of his application.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. No. 1) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must use the form complaint provided by the Clerk of the Court and answer each question;

3. Plaintiff's April 25, 2011 application to proceed in forma pauperis (Doc. No. 2) is denied, without prejudice;

4. Within thirty days from the service of this order, plaintiff shall submit a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint;

5. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner and the form complaint for a § 1983 civil right action; and

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: May 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
civil1111.14